Michael C. Fallon (SBN 088313)
Michael C. Fallon, Jr. (SBN 303082)
100 E Street, Suite 219
Santa Rosa, California 95404
Telephone: (707) 546-6770
Facsimile: (707) 546-5775
mcfallon@fallonlaw.net
fallonmc@fallonlaw.net

Philip J. Terry (SBN 148144)
Kimberly Corcoran (SBN 148229)
CARLE, MACKIE, POWER & ROSS LLP
100 B Street, Suite 400
Santa Rosa, California 95401
Telephone: (707) 526-4200
Facsimile: (707) 526-4707
pjterry@cmprlaw.com
kcorcoran@cmprlaw.com

Attorneys for Debtor/Plaintiff
KINGSBOROUGH ATLAS TREE SURGERY, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br>Kingsborough Atlas Tree Surgery, Inc.<br>　　　　Debtor. | Case No. 25-10088 WJL<br><br>Chapter 11 |
| Kingsborough Atlas Tree Surgery, Inc.<br>　　　　Plaintiff,<br>vs.<br>Anvil Power, Inc., a California corporation, Anvil Equipment Company LP, a California limited partnership, Anvil Builders, a California corporation, Anvil Holdings, Inc., a California corporation, Anvil Group, LLC, a California limited liability company,<br>　　　　Defendants. | AP No.<br><br>**COMPLAINT TO COMPEL TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542(a)** |

COMES NOW, Kingsborough Atlas Tree Surgery, Inc., as and for its Complaint, alleges and avers as follows:

**JURISDICTION AND VENUE**

1. On February 20, 2025, Kingsborough Atlas Tree Surgery, Inc. (hereinafter "KBA," "Debtor," or "Plaintiff") filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code of the above-entitled Court. KBA is a debtor in possession.

2. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157. Venue is proper here pursuant to 28 U.S.C. § 1409.

3. Plaintiff is informed and believes and on that basis alleges that this matter is a "core proceeding" as defined by 28 U.S.C. § 157(b)(2)(A) and (E). Alternatively, KBA consents to final judgment of the Bankruptcy Court pursuant to the provisions of 28 USC § 157(c)(2).

4. This action is brought pursuant to the provisions of 11 U.S.C. §§ 541 and 542 to recover property of Debtor's estate.

**PARTIES**

5. Defendant Anvil Power, Inc. ("Anvil Power") is a corporation incorporated in the State of California and doing business in the Northern District of California.

6. Defendant Anvil Equipment Company LP ("Anvil Equipment") is a corporation incorporated in the State of California and doing business in the Northern District of California.

7. Defendant Anvil Builders ("Anvil Builders") is a corporation incorporated in the State of California and doing business in the Northern District of California.

8. Defendant Anvil Holdings, Inc. ("Anvil Holdings") is a corporation incorporated in the State of California and doing business in the Northern District of California.

9. Defendant Anvil Group, LLC ("Anvil Group") is a limited liability in the State of California and doing business in the Northern District of California. Anvil Power, Anvil Equipment, Anvil Builders, Anvil Holdings, Anvil Group and all subsidiary and related entities are herein collectively referred to as "Anvil" or the "Anvil Entities" or "Defendants."

**GENERAL ALLEGATIONS**

10. KBA is a Sonoma County based company founded 42 years ago and owned and

operated by Richard Kingsborough and Cindy Kingsborough (collectively the "Kingsboroughs").

11. The Kingsboroughs built KBA into a large and successful company, with hundreds of employees, that specialized in large scale forest and vegetation management projects state-wide. With full-time certified arborists and experienced construction crews, KBA developed a reputation for tackling complex projects, including heavy commercial related work, utility/wood management, disaster response and forest management.

12. KBA has procured tens of millions of dollars' worth of third-party contracts with private and public entities, and it has also invested in millions of dollars' worth of heavy equipment, which is the primary subject to this turnover proceeding.

13. On or about June 5, 2023, KBA and the Kingsboroughs entered into a written agreement, entitled Asset Purchase Agreement, with Anvil Power and Anvil Equipment (hereinafter the "Agreement") under which KBA agreed to sell KBA's assets, including valuable third-party contracts and equipment and other business assets.

14. In the Agreement, KBA and the Kingsboroughs agreed to sell all of KBA's and the Kingsboroughs' rights, title, and interests in, machinery, tools, vehicles (excluding personal vehicles), office equipment, and other tangible personal property, wherever located, designated by written notice from Anvil Equipment, and to deliver, assign, transfer, such property to Anvil Equipment. Such property is collectively referred to as the "KBA Equipment."

15. The aggregate purchase price for the KBA Equipment is defined in the Agreement to be "determined by Buyers and Seller after reviewing the Ritchie Brothers Auctioneers valuation and the FLV values set forth in the California Bank of Commerce valuation, provided that the [KBA Equipment purchase price] shall not exceed Thirty Million dollars $30,000,000."

16. Under the Agreement, KBA and the Kingsboroughs also agreed to sell to Anvil Power all of KBA's and the Kingsboroughs' right, title, and interest in tangible and intangible assets, properties, and rights belonging to KBA and the Kingsboroughs, and Anvil Power agreed to purchase certain other assets, including valuable agreements between KBA and third-parties, such as PG&E ("Assigned Contracts"), as well as intellectual property ("IP"), and goodwill and going concern value. In consideration of that purchase, Anvil Power also agreed to assume

certain liabilities of KBA; to pay KBA $690,000, and a percentage of Anvil's net profit from the certain assigned contracts over a five-year period; and deliver periodic net profit calculations.

17. The Agreement contemplated a formal closing process with a short window after June 5, 2023, which allowed Anvil to identify and confirm assets Anvil would acquire and purchase from KBA for a price not to exceed $30,000,000.

18. KBA has performed under the Agreement, making available for Anvil's use millions of dollars' worth of heavy KBA Equipment, assigning multiple third-party agreements to Anvil and otherwise cooperating with Anvil in every regard as required by the Agreement. Thus, as a result of KBA's performance, over the last 18 months, Anvil has enjoyed all of the benefits of the Agreement.

19. Anvil has taken possession of tens of millions of dollars' worth of KBA Equipment and is using such equipment or has possession of such equipment.

20. Anvil has failed to perform under the Agreement and has denied KBA from enjoying the primary benefits under the Agreement, including Anvil's completion of the purchase of the KBA Equipment and payment of a percentage Anvil's net profits generated from the several third-party contracts KBA assigned to Anvil, including the PG&E contract. These benefits promised by Anvil were and are the primary inducement for KBA to enter into the Agreement with Anvil.

21. The Agreement requires Anvil to identify the equipment it shall acquire for its use and to pay for such equipment.

22. Anvil, however, has taken and retained possession of the KBA Equipment without paying for it. Anvil has since, after the fact, offered to pay rent on said equipment, and to mitigate its damages, KBA has agreed to accept rental payments. Anvil, has nonetheless, continued to breach under the Agreement and failed and refused to make any payments to KBA and continues to wrongfully possess and use the KBA Equipment.

23. On or about January 9, 2025, through counsel, KBA made a demand on Anvil, among other things, to account for its income and profit from Assigned Contracts, to produce its books and records as required by the Agreement, to complete the purchase of KBA Equipment

pursuant to the Agreement or return such equipment to KBA, to make rental payments on such equipment or immediately return such equipment to KBA.

24. On March 4 and March 5, 2025, KBA through counsel reiterated its demand that Anvil return all KBA Equipment in Anvil's possession custody or control. To date, Anvil has refused to perform under the Agreement or to return the KBA Equipment in its possession.

25. On information and belief, Anvil is now attempting to secret and remove KBA Equipment to undisclosed locations despite KBA's request that such equipment be returned to KBA.

## CLAIM FOR RELIEF

### (Turnover Of Property Of The Estate Pursuant To 11 U.S.C. §§ 541, 542(a))

### (Against All Defendants)

26. KBA realleges each and every allegation contained in paragraphs 1 through 30 of this Complaint and, by this reference, incorporates said allegations as though set forth fully herein.

27. The KBA Equipment is property of Debtor's estate, pursuant to, among other things, 11 U.S.C. § 541, as to which Debtor has a legal or equitable interest as of the commencement of its bankruptcy proceeding.

28. Defendants refuse to turn over to KBA the KBA Equipment which is in their possession, custody or control, during this bankruptcy case.

29. The KBA Equipment is property that KBA, as debtor-in-possession, may use, sell or lease under 11 U.S.C. § 363.

30. The KBA Equipment is property not of inconsequential value or benefit to the Debtor's estate.

31. Despite demand, Defendants have failed and refused to turn over this property to KBA, as debtor in possession.

32. The KBA Equipment is property of the estate pursuant to the provisions of 11 U.S.C. § 541, which Debtor may use, sell, or lease under 11 U.S.C. § 363.

33. Pursuant to 11 U.S.C. § 542, Defendants, who are in possession of this property,

shall deliver this property to the Debtor, and account for, such property or the value of such property; and shall be subject to a preliminary injunction enjoining the transferring, changing, disbursing, dissipating, converting, conveying, pledging, assigning, encumbering, or foreclosing or otherwise disposing of any interest in the KBA Equipment.

WHEREFORE, KBA prays for judgment against Defendants as follows:

1. Compelling Defendants to turnover the property, KBA Equipment, to KBA;

2. For any such property not turned over to KBA, granting a money judgement subject to proof;

3. Entering an order of preliminarily and permanently enjoining all Defendants and each of them, and their officers, directors, successors in interest, agents, employees, attorneys in fact, and all persons acting in concert or participating with them, from directly or indirectly transferring, changing, disbursing, dissipating, converting, conveying, pledging, assigning, encumbering, or foreclosing or otherwise disposing of any interest in the property subject to turn over to Debtor's estate as alleged herein, including the KBA Equipment.

4. Awarding costs of suit incurred herein, including reasonable attorneys' fees; and

5. Awarding such other and further relief as the court deems proper.

Dated: March 20, 2025                    CARLE, MACKIE, POWER & ROSS LLP

By: _____
Philip J. Terry
Kimberly Corcoran

-and-

Michael C. Fallon
Michael C. Fallon, Jr.

*Attorneys for Plaintiff*