Michael C. Fallon (SBN 088313)
Michael C. Fallon, Jr. (SBN 303082)
100 E Street, Suite 219
Santa Rosa, California 95404
Telephone: (707) 546-6770
Facsimile: (707) 546-5775
mcfallon@fallonlaw.net
fallonmc@fallonlaw.net

Philip J. Terry (SBN 148144)
Kimberly Corcoran (SBN 148229)
CARLE, MACKIE, POWER & ROSS LLP
100 B Street, Suite 400
Santa Rosa, California 95401
Telephone: (707) 526-4200
Facsimile: (707) 526-4707
pjterry@cmprlaw.com
kcorcoran@cmprlaw.com

Attorneys for Debtor/Plaintiff
KINGSBOROUGH ATLAS TREE SURGERY, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>Kingsborough Atlas Tree Surgery, Inc.<br><br>　　　　Debtor. | Case No. 25-10088 WJL<br><br>Chapter 11 |

1                                                                 Case No. 25-10088 WJL
                                                                                    AP No.

PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND IMMEDIATE TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

| Kingsborough Atlas Tree Surgery, Inc. | AP No. |
|---|---|
| Plaintiff, | |
| vs. | **PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND IMMEDIATE TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| Anvil Power, Inc., a California corporation, Anvil Equipment Company LP, a California limited partnership, Anvil Builders, a California corporation, Anvil Holdings, Inc., a California corporation, Anvil Group, LLC, a California limited liability company, | |
| Defendants. | |

## MOTION

Plaintiff, Kingsborough Atlas Tree Surgery, Inc. ("KBA," "Plaintiff," or "Debtor"), the Debtor and debtor in possession in this Chapter 11 bankruptcy case and Plaintiff in this adversary proceeding, respectfully submits this Motion for Temporary Restraining Order, Preliminary Injunction, and Immediate Turnover of Property of the Estate Pursuant to 11 U.S.C. §542 ("Motion").

This Motion is made pursuant to 11 U.S.C. §542 and Rule 65 of the Federal Rules of Civil Procedure, as made applicable by Federal Rules of Bankruptcy Procedure 7065, for a temporary restraining order ("TRO") and order preliminarily enjoining the Defendants, Anvil Power, Inc., Anvil Equipment Company LP, Anvil Builders, Anvil Holdings, Inc., Anvil Group, LLC, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them (collectively "Anvil" or "Defendants") from:

1. Transferring, changing, disbursing, dissipating, converting, conveying, pledging, assigning, encumbering, foreclosing, using, wasting, or otherwise disposing of any interest in any of Debtor's equipment identified in the schedule attached to the Declaration of Richard Kingsborough in support of this Motion as **Exhibit A** ("KBA Equipment"); and

2    Case No. 25-10088 WJL
AP No.

PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND IMMEDIATE TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

CARLE, MACKIE, POWER & ROSS LLP

Case: 25-01005    Doc# 2-1    Filed: 03/20/25    Entered: 03/20/25 19:07:28    Page 2 of 13

2. Requiring Defendants to immediately turn over to Debtor possession of each piece of KBA Equipment belonging to Debtor and in Defendants' possession.

KBA owns all legal and equitable interests in the KBA Equipment. Defendants have possession of the KBA Equipment based initially on an Asset Purchase Agreement, under which Defendants promised to pay KBA up to $30 million for the KBA Equipment. Defendants, however, have failed and refused to pay for the KBA Equipment. Defendants are in default under the parties' Agreement. Defendants have determined to just make use of the KBA Equipment – without payment – and by so doing diminish the value of that equipment and irreparably erode KBA's equity interest in that equipment. Accordingly, KBA is entitled to immediate possession of the KBA Equipment.

KBA, as debtor-in-possession, can use, sell or lease the KBA Equipment, which is not of inconsequential value or benefit to KBA's bankruptcy estate, under 11 U.S.C. § 363, and thus is entitled to turnover under 11 U.S.C. §542(a). Absent the immediate turnover of KBA Equipment, KBA will be irreparably harmed by its loss of use and diminution in value of the lack of maintenance and repair by Anvil of the KBA Equipment.

This Motion is based on this Motion and the Memorandum of Points and Authorities, and the attached Notice of Motion, and Declarations of Richard Kingsborough and Philip J. Terry, and any other evidence that may be heard at the hearing on the Motion.

Dated: March 20, 2025

CARLE, MACKIE, POWER & ROSS LLP

By: /s/Philip J. Terry
Philip J. Terry
Kimberly Corcoran

And
Michael C. Fallon
Michael C. Fallon, Jr.
*Attorneys for Plaintiff*

3  Case No. 25-10088 WJL
AP No.

PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND IMMEDIATE TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

CARLE, MACKIE, POWER & ROSS LLP

Case: 25-01005   Doc# 2-1   Filed: 03/20/25   Entered: 03/20/25 19:07:28   Page 3 of 13

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this Motion the Debtor, Kingsborough Atlas Tree Surgery, Inc. ("KBA" or "Debtor"), requests that the Court issue an order pursuant to 11 U.S.C. § 542(a) of the Federal Bankruptcy Code and Federal Rule of Civil Procedure 65, as applicable under Federal Rules of Bankruptcy Procedure 7065, (1) enjoining Defendants Anvil Power, Inc. ("Anvil Power"), Anvil Equipment Company LP ("Anvil Equipment"), Anvil Builders, Anvil Holdings, Inc., Anvil Group, LLC (collectively "Anvil") from transferring, changing, disbursing, dissipating, converting, conveying, pledging, assigning, encumbering, foreclosing, using, wasting, or otherwise disposing of any interest in any of KBA's equipment identified in the schedule attached to the Declaration of Richard Kingsborough in support of this Motion as **Exhibit A** ("KBA Equipment"); and (2) directing immediate turnover to KBA of the KBA Equipment, as to which KBA holds both legal and equitable title, thus making it part of KBA's bankruptcy estate. Debtor has made demand to Anvil to turn over possession of KBA Equipment so that the same could be properly administered and available to the estate. As of the filing of this Motion, Anvil has refused to do so.

## II. JURISDICTION AND VENUE

On February 20, 2025, KBA filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. KBA is a debtor-in-possession.

This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157. Venue is proper here pursuant to 28 U.S.C. § 1409.

This proceeding is a "core proceeding" as defined by 28 U.S.C. § 157(b)(2)(A) and (E). Alternatively, KBA consents to final judgment of the Bankruptcy Court pursuant to the provisions of 28 U.S.C. § 157(c)(2).

/ / /

/ / /

/ / /

/ / /

4

Case No. 25-10088 WJL
AP No.

PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND IMMEDIATE TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

CARLE, MACKIE, POWER & ROSS LLP

Case: 25-01005   Doc# 2-1   Filed: 03/20/25   Entered: 03/20/25 19:07:28   Page 4 of 13

## III. STATEMENT OF FACTS

### A. The Parties

KBA is a Sonoma County based company founded 42 years ago and owned and operated by Richard Kingsborough and Cindy Kingsborough (collectively the "Kingsboroughs"). (*See* Declaration of Richard Kingsborough in Support of Motion for TRO, Preliminary Injunction, and to Compel Immediate Turnover, filed herewith ("Kingsborough Decl."). The Kingsboroughs built KBA into a large and successful company, with hundreds of employees, that specialized in large scale forest and vegetation management projects throughout California. (Kingsborough Decl. ¶2). With full-time certified arborists and experienced construction crews, KBA developed a reputation for tackling complex projects, including heavy commercial related work, utility/wood management, disaster response and forest management. (Kingsborough Decl. ¶2). KBA has procured hundreds of tens of millions of dollars' worth of third-party contracts with private and public entities, and it has also invested in millions of dollars' worth of heavy equipment, which is the primary subject to this turnover proceeding. (Kingsborough Decl. ¶3).

Defendants Anvil Power and Anvil Equipment are California corporations doing business in this district. Defendant Anvil Builders, Anvil Holdings, Inc., and Anvil Group, LLC are affiliated entities.

### B. KBA's Agreement with Anvil Equipment and Anvil Power

On or about June 5, 2023, KBA and the Kingsboroughs entered into a written agreement, entitled Asset Purchase Agreement, with Anvil Power and Anvil Equipment (hereinafter the "Agreement") under which KBA agreed to sell KBA's assets, including valuable third-party contracts and equipment and other business assets. (Kingborough Decl. ¶4, 5).

In the Agreement, KBA and the Kingsboroughs agreed to sell all of KBA's and the Kingsboroughs' rights, title, and interests in the KBA Equipment, machinery, tools, vehicles (excluding personal vehicles), office equipment, and other tangible personal property, wherever

5            Case No. 25-10088 WJL
AP No.

PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND IMMEDIATE TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

CARLE, MACKIE, POWER & ROSS LLP

Case: 25-01005    Doc# 2-1    Filed: 03/20/25    Entered: 03/20/25 19:07:28    Page 5 of 13

located, designated by written notice from Anvil Equipment; and to deliver, assign, transfer, such property to Anvil Equipment. (Kingsborough Decl. ¶5).

The aggregate purchase price for the KBA Equipment is defined in the Agreement to be "determined by Buyers and Seller after reviewing the Ritchie Brothers Auctioneers valuation and the FLV values set forth in the California Bank of Commerce valuation, provided that the [KBA Equipment purchase price] shall not exceed Thirty Million dollars $30,000,000." (Kingsborough Decl. ¶6).

Under the Agreement, KBA and the Kingsboroughs also agreed to sell to Anvil Power all of KBA's and the Kingsboroughs' right, title, and interest in tangible and intangible assets, properties, and rights belonging to KBA and the Kingsboroughs, and Anvil Power agreed to purchase certain other assets, including valuable agreements between KBA and third-parties, such as PG&E ("Assigned Contracts"), as well as intellectual property ("IP"), and goodwill and going concern value. (Kingsborough Decl. ¶7). In consideration of that purchase, Anvil Power also agreed to assume certain liabilities of KBA; to pay KBA $690,000, and a percentage of Anvil's net profit from the certain assigned contracts over a five-year period; and deliver periodic net profit calculations. (Kingsborough Decl. ¶7).

The Agreement contemplated a formal closing process with a short window after June 5, 2023, which allowed Anvil to identify and confirm assets Anvil would acquire and purchase from KBA for a price not to exceed $30,000,000. (Kingsborough Decl. ¶8).

KBA performed under the Agreement, making available for Anvil's use millions of dollars' worth of KBA Equipment, assigning multiple third-party agreements to Anvil and otherwise cooperating with Anvil in every regard as required by the Agreement. (Kingsborough Decl. ¶9).

Anvil has taken possession of tens of millions of dollars' worth of KBA Equipment and is using such equipment or has possession of such equipment. (Kingsborough Decl. ¶10). However, Anvil has not paid any of the purchase price of the KBA Equipment. (Kingsborough

6  Case No. 25-10088 WJL
AP No.

PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND IMMEDIATE TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

CARLE, MACKIE, POWER & ROSS LLP

Case: 25-01005   Doc# 2-1   Filed: 03/20/25   Entered: 03/20/25 19:07:28   Page 6 of 13

Decl. ¶11). Accordingly, the KBA Equipment remains the property of Debtor's estate. (Kingsborough Decl. ¶12).

Anvil has failed to perform under the Agreement and has denied KBA from enjoying the primary benefits under the Agreement, including Anvil's completion of the purchase of the KBA Equipment and payment of a percentage Anvil's net profits generated from the several third-party contracts KBA assigned to Anvil. (Kingsborough Decl. ¶11).

The Agreement requires Anvil to identify the equipment it shall acquire for its use and to pay for such equipment and does not provide another path whereby Anvil can identify and lease equipment or assume financing without paying KBA for the equipment. (Kingsborough Decl. ¶). Anvil, however, has taken and retained possession of the KBA Equipment without making any payments to KBA. (Kingsborough Decl. ¶12).

In December 2024, with KBA Equipment in its possession and unable to make payments under the Agreement, Anvil proposed paying KBA rent on the KBA Equipment in the interim. To mitigate its damages, KBA agreed and entered into a rental agreement with Anvil. KBA agreed to accept rental payments for KBA Equipment pending Anvil's performance under the Agreement. (Kingsborough Decl. ¶12).

Anvil has failed to make any payments to KBA., (Kingsborough Decl. ¶12); KBA made a demand on Anvil, among other things, to pay for or return the KBA Equipment. (*See* Declaration of Philip J. Terry in Support of Motion to Compel Turnover ("Terry Decl." ¶¶2-5). Anvil has refused all of Plaintiffs' demands. (Terry Decl. ¶5).

Anvil is now attempting to secret and remove KBA Equipment to an undisclosed location despite KBA's request that such equipment be paid for or returned to KBA. (Kingsborough Decl. ¶15).

///

///

///

7

Case No. 25-10088 WJL
AP No.

PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND IMMEDIATE TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

CARLE, MACKIE, POWER & ROSS LLP

## IV. DISCUSSION

## KBA IS ENTITLED TO A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND IMMEDIATE TURNOVER TO PREVENT DEFENDANTS' WRONGFUL ACTIONS AND IRREPARABLE HARM TO THE ESTATE

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain such relief, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'n, Inc. v. City of Los Angeles,* 559 F.3d 1046, 1052 (9th Cir. 2009); *see also Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 21–22 (2008). The Ninth Circuit has clarified, however, that courts in this Circuit should still evaluate the likelihood of success on a "sliding scale," which allows a preliminary injunction upon a showing of *either*: a combination of probable success on the merits and the possibility of irreparable injury if injunctive relief is denied *or* the likelihood of success was such that "serious questions going to the merits were raised and the balance of hardships tipped sharply in plaintiff's favor." *Alliance for Wild Rockies v. Cottrell,* 632 F.3d 1127, 1134 (9th Cir. 2011). Further, a preliminary injunction is appropriate in order to protect assets from being used or otherwise dissipated. *See Deckert v. Independence Shares Corp.*, 311 U.S. 282, 290 (1940); *Hendricks v. Bank of America, N.A.*, 408 F.3d 1127, 1141 (9th Cir. 2005).

KBA submits that it has met each of the requirements for the issuance of a temporary restraining order, preliminary injunction, and immediate turnover of the KBA Equipment.

### A. KBA is Likely to Succeed on the Merits of Its Turnover Claim

KBA's Complaint states a claim for a turnover of the KBA Equipment pursuant to section 542(a) of the Bankruptcy Code, and KBA is likely to succeed on the merits of that claim. To establish a substantial likelihood of success on the merits, a movant must show "a fair chance

8  Case No. 25-10088 WJL
AP No.

PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND IMMEDIATE TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

CARLE, MACKIE, POWER & ROSS LLP

Case: 25-01005  Doc# 2-1  Filed: 03/20/25  Entered: 03/20/25 19:07:28  Page 8 of 13

of success." *In re Focus Media Inc.*, 387 F.3d 1077, 1086 (9th Cir. 2004) (affirming grant of injunctive relief restraining dissipation of assets) (quoting *Republic of the Philippines v. Marcos,* 862 F.2d 1355, 1362 (9th Cir.1988) (en banc)).

The filing of a bankruptcy petition creates an estate that generally comprises "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Bankruptcy Code § 542(a) requires any entity, other than a custodian, in possession, custody, or control during the bankruptcy case to turnover any such property of the estate, or the value of the property, unless it is over inconsequential value:

> (a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542. "Section 542(a) enables the bankruptcy trustee, or the debtor-in-possession in a reorganization case to seek turnover of the debtors' assets, for the benefit of the estate." *In re Hernandez,* 483 B.R. 713, 725 (9th Cir. BAP 2012) (affirming *ex parte* turnover order requiring surrender of funds which were property of debtor's estate under section 541(a)).

To support a claim for turnover of estate property under Section 542, the plaintiff "has the burden of proof, by a preponderance of the evidence, to establish that: (1) the property is in the possession, custody or control of a noncustodial third party; (2) the property constitutes property of the estate; (3) the property is of the type that the trustee could use, sell or lease pursuant to section 363 or that the debtor could exempt under section 522, and (4) that the property is not of inconsequential value or benefit to the estate." *Process Am., Inc. v. Cynergy Holdings, LLC (In re Process Am., Inc.)*, 588

9 Case No. 25-10088 WJL
AP No.

PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND IMMEDIATE TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

CARLE, MACKIE, POWER & ROSS LLP

Case: 25-01005   Doc# 2-1   Filed: 03/20/25   Entered: 03/20/25 19:07:28   Page 9 of 13

B.R. 82, 98 (Bankr. C.D. Cal. 2018); *see also SVB Fin. Grp. v. Fed. Deposit Ins. Corp.*, Case No. 23-cv-06543-BLF, 2024 WL 3745009, at *10 (N.D. Cal. Aug. 8, 2024), citing *Pereira v. Brown* (*In re Brown*), Case No. 18-10617, Adv. No. 20-01058, 2022 WL 4390454, at * 20 (Bankr. S.D.N.Y. Sept. 22, 2022) (other internal citation omitted). The facts set forth above and in the accompanying Declarations establish each of these elements.

It is undisputed that Defendants have the KBA Equipment in their possession custody, or control, that the KBA Equipment is property of the type that KBA could use, sell or lease; and that the KBA Equipment, worth millions of dollars, is not of inconsequential value or benefit.

Likewise, it is beyond dispute that the KBA Equipment is property of KBA's estate: the equipment, to the extent that it is titled, is titled in KBA's name, not any of the Defendant's. Moreover, the evidence is clear that under the Agreement Defendants were required to purchase the KBA Equipment at a price to be determined up to $30 million, but that Defendants have failed to pay any of that purchase price. There simply is no basis for Defendants to assert legal or equitable title to the KBA Equipment, which they have unlawfully and unjustly converted, retained, and continue to use for their sole benefit.

In short, Defendants have failed to make any payment for the KBA Equipment and thus all right, title, and interest in the KBA Equipment resides in KBA and not Defendants.

**B.    KBA's Estate is Likely to Suffer Irreparable Harm if Relief is Not Granted**

The KBA Equipment requires regular maintenance. Anvil is failing to properly maintain KBA Equipment. Anvil's failure or lack of maintenance has resulted in KBA Equipment in disrepair or poor condition. There are multiple recent examples of Anvil destroying KBA Equipment or vehicles through neglect, including a tub grinder with a replacement value of approximately $1.4 Million. (Kingsborough Decl. ¶17).

Further, Anvil's conduct of secreting and removing KBA equipment and failure to maintain said Equipment is good working condition, or negligence in operating such equipment

10                                                              Case No. 25-10088 WJL
                                                                                   AP No.
PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND IMMEDIATE TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

CARLE, MACKIE, POWER & ROSS LLP

Case: 25-01005    Doc# 2-1    Filed: 03/20/25    Entered: 03/20/25 19:07:28    Page 10 of 13

has resulted and will continue to result in damage to such equipment and cause KBA to suffer serious irreparable harm. As a result of Anvil's conduct KBA Equipment is in danger of being lost, abandoned, destroyed and or unavailable to KBA. All of the foregoing will substantially lessen the value of the KBA Equipment.

KBA is also irreparably harmed to the extent the condition of the KBA Equipment deteriorates and falls into significant disrepair and poor condition because of the lack of proper maintenance. KBA is harmed financially by the loss of such Equipment, its inability to use such Equipment and the unexpected cost and expense of having to replace such Equipment. All of the foregoing will substantially lessen the value of the KBA Equipment.

### C. The Balances of Equity Tip Strongly in Favor of the Trustee

KBA seeks to protect the assets of its bankruptcy estate and make them available for KBA to use, sell, or lease, as provided under the Bankruptcy Code. It is likely that the KBA will prevail on its claim and that the KBA estate will suffer irreparable harm if the KBA Equipment is inappropriately withheld from the Debtor.

The only "harm" that Defendants will "suffer" is that they will be deprived of a free ride in the use of KBA Equipment, which Defendants have been using to profit from KBA's assigned contracts. Defendants have been unjustly enriched by that usage, as it has refused to pay KBA for the KBA Equipment or their use. And to add insult to injury, Defendants have also refused to account for profits due to KBA under the assigned contracts, which Defendants are servicing using the KBA Equipment. There are no equities in Defendants' favor; to the contrary, their inequitable conduct cuts squarely in favor of the requested injunctive relief.

### D. Injunctive Relief Will Benefit, Not Harm, the Public Interest

KBA seeks to restrain only Defendants, their officers, agents, servants, employees, and other persons who are in active concert or participation with them from interfering with KBA's property rights. If injunctive relief does not go beyond the parties, thus not carrying with it the

11     Case No. 25-10088 WJL
AP No.

PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND IMMEDIATE TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Case: 25-01005   Doc# 2-1   Filed: 03/20/25   Entered: 03/20/25 19:07:28   Page 11 of 13

potential for consequences to the public, this factor in weighing the granting of injunctive relief is, at most, a neutral factor. *Stormans, Inc. v. Selecky*, 586 F. 3d. 1109, 1139 (9th Cir. 2009).

In this case, to the extent that the public interest is implicated at all, it is enhanced by requiring Defendant to honor, respect, and abide by contractual obligations and property rights. Moreover, where, as here, the granting of an injunction would ensure that assets are preserved for the Debtor's estate and potentially its creditors, that is a "concept that has considerable support as a matter of public interest." *Dye v. Taxe (In re Kellogg-Taxe)*, No. 2:12-BK-51208-RN, 2:13-ap-02019, 2014 WL 1329822, at *7 (Bankr. C.D. Cal. Mar. 28, 2014) (entering injunction enjoining transfer of certain assets and requiring turnover of documents with respect to debtor's ownership interest in certain notes and a deed of trust).

## IV. RELIEF REQUESTED

KBA requests that the Court issue a TRO and preliminary injunction enjoining the Defendants, Anvil Power, Inc., Anvil Equipment Company LP, Anvil Builders, Anvil Holdings, Inc., Anvil Group, LLC, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them (collectively "Defendants") from:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND IMMEDIATE TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

CARLE, MACKIE, POWER & ROSS LLP

Case: 25-01005   Doc# 2-1   Filed: 03/20/25   Entered: 03/20/25 19:07:28   Page 12 of 13

1. Transferring, changing, disbursing, dissipating, converting, conveying, pledging, assigning, encumbering, foreclosing, using, wasting, or otherwise disposing of any interest in any of Debtor's equipment identified in the schedule attached to the Declaration of Richard Kingsborough in support of this Motion as **Exhibit A** ("KBA Equipment");

2. Requiring Defendants immediately to turn over to Debtor possession of each piece of KBA Equipment; and

3. Granting such other and further relief as the court deems proper.

Dated: March 20, 2025      CARLE, MACKIE, POWER & ROSS LLP

By: /s/Philip J. Terry
Philip J. Terry
Kimberly Corcoran

-and-

Michael C. Fallon
Michael C. Fallon, Jr.

*Attorneys for Plaintiff*

13      Case No. 25-10088 WJL
AP No.
PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND IMMEDIATE TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Case: 25-01005    Doc# 2-1    Filed: 03/20/25    Entered: 03/20/25 19:07:28    Page 13 of 13