DOWNEY BRAND LLP
JAMIE P. DREHER (SBN 209380)
jdreher@downeybrand.com
SEAN J. FILIPPINI (SBN 232380)
sfilippini@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:   916.444.1000
Facsimile:   916.444.2100

MICHAEL A. SWEET (SBN 184345)
msweet@foxrothschild.com
JACK PRAETZELLIS (SBN 267765)
jpraetzellis@foxrothschild.com
NOAH THOMAS (SBN 358134)
nthomas@foxrothschild.com
FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, California 94104
Telephone:   415.364.5540
Facsimile:   415.391.4436

Attorneys for ANVIL POWER, INC.,
ANVIL EQUIPMENT COMPANY LP, ANVIL BUILDERS,
ANVIL HOLDINGS, INC., ANVIL GROUP, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Kingsborough Atlas Tree Surgery, Inc.,<br><br>Debtor.<br><br>Kingsborough Atlas Tree Surgery, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Anvil Power, Inc., a California corporation, Anvil Equipment Company LP, a California limited partnership, Anvil Builders, a California corporation, Anvil Holdings, Inc., a California corporation, Anvil Group, LLC, a California limited liability company,<br><br>Defendants. | Case No. 25-10088 WJL<br><br>Chapter 11<br><br>Adversary Proceeding 25-01005<br><br>**STATUS CONFERENCE STATEMENT**<br><br>Date: April 16, 2025<br>Time: 10:30 a.m.<br>Place: U.S. Bankruptcy Court, Room 220<br>1300 Clay Street, Oakland, CA 94612<br>or by Zoom |

4673220.1

STATUS CONFERENCE STATEMENT

Defendants Anvil Power, Inc., Anvil Equipment Company LP, Anvil Builders, Anvil Holdings, Inc. and Anvil Group, LLC (collectively, "Defendants" or "Anvil") submit the following Status Conference Statement:

**Background**

1. On March 20, 2025, Kingsborough Atlas Tree Surgery, Inc. ("Debtor") filed an adversary proceeding seeking a Temporary Restraining Order ("TRO") requiring the turnover of equipment (the "Equipment"). The Court set the TRO for hearing on March 26, 2025. In support of its TRO, presumably to demonstrate urgency in the request, Mr. Richard Kingsborough testified to the following:

   (a) "I believe that Anvil is now attempting to secret and remove KBA Equipment to undisclosed locations despite KBA's request that such equipment be returned to KBA";

   (b) "It is also my understanding that multiple items of Equipment are not being properly maintained and are either now in disrepair or in poor condition as a result of Anvil's lack of maintenance and repairs"; and

   (c) "Anvil's conduct of secreting and removing KBA equipment and failure to maintain said Equipment in good working condition, or negligence in operating such equipment resulting in damage to such equipment has resulted in and will continue to result serious irreparable harm to KBA as such KBA Equipment is in danger of being lost, abandoned, destroyed and/or unavailable to KBA."

Adv. Proc. No. 25-01005 at 3-3 ¶¶ 15, 17, 19.

2. Counsel for the parties emailed relating to the Equipment in a single email chain. A copy of the last email in that chain is attached as **Exhibit 1**. The following is a summary of that chain. The email chain shows that Anvil actively sought to coordinate turnover of the Equipment and – notwithstanding Mr. Kingsborough's testimony – the Debtor has, until very recently, been non-communicative with respect to it.

**Email Meet and Confer**

3. On March 31, 2025, Anvil wrote to the Debtor and disputed that the Debtor was entitled to possession of the Equipment, but to avoid the cost and expense of a dispute, elected to

allow the Debtor to retake it.  Anvil explained that the Equipment is located at various facilities and stated that it was available for pickup beginning April 7, 2025.  The Debtor did not respond.

4. On April 1, 2025, Anvil followed up with the Debtor about the mechanics of the return of the Equipment.  Again, the Debtor did not respond.

5. On April 2, 2025, Anvil provided a list of Equipment to the Debtor.  Anvil further stated that it would deliver the portion of the Equipment located at its Windsor Yard to the Debtor's Santa Rosa facility on April 7, 2025.  Anvil also requested the Debtor commit to picking up the remainder Equipment and provide a timeline for the same.  Counsel for the parties spoke on April 2, 2025, and Debtor's counsel indicated that Anvil's proposal for the return of the Equipment was likely workable.

6. On the evening of April 3, 2025, counsel for the parties spoke and Debtor's counsel stated the Debtor was not able to retrieve the Equipment on the timeframe proposed and he would get back to Anvil about when that would occur.

7. On April 7, 2025, Debtor's counsel confirmed the Debtor could receive the Equipment at its Santa Rosa yard starting on April 8, 2025.  Debtor's counsel made no reference to the remaining Equipment that Anvil was not delivering to the Debtor.

8. On April 11, 2025, Anvil's counsel confirmed to Debtor's counsel that all the Windsor Yard Equipment had been delivered to the Debtor's Santa Rosa yard.  Anvil counsel also confirmed that the Debtor had failed to engage or provide direction relating to the remaining Equipment.

9. On April 14, 2025, Anvil's counsel wrote, again, asking for the Debtor to engage with respect to the remaining Equipment.  Finally, at 10:00 p.m. on April 14 (i.e., 14 hours before this statement was due), the Debtor finally responded concerning the remaining Equipment.  Now it took the position that the remaining Equipment should be delivered to the Debtor because the Debtor lacks the resources to move it.

### Next Steps

10. It is now weeks after the Debtor sought immediate injunctive relief to obtain the Equipment.  And, aside from receiving that which was delivered to it, the Debtor refused to collect

the Equipment and failed to communicate with Anvil about the Equipment until the evening of April 14.  And then, it simply claimed the remaining Equipment should be brought to it regardless of whether Section 542 is applicable in the first place and whether any portion of the remaining Equipment can be sold, used, leased, or is of inconsequential value to the Estate (because, for example, it has no equity).

11. Presumably the Debtor finally responded to Anvil's numerous inquiries on this topic because of this upcoming status conference.  Anvil respectfully suggests the following course of action: (a) the Court order the parties continue to meet and confer over the remaining Equipment; (b) the Court order that Anvil not be required to respond to the complaint pending further order; and (c) the Court set a further status conference approximately 30 days out for a further status on the progress of that meet and confer.

DATED:  April 15, 2025					FOX ROTHSCHILD LLP


							By:	  */s/ Jack Praetzellis*
								JACK PRAETZELLIS


								Attorneys for ANVIL POWER, INC.,
								ANVIL EQUIPMENT COMPANY LP,
								ANVIL BUILDERS, ANVIL HOLDINGS, INC.,
								ANVIL GROUP, LLC

# EXHIBIT 1

| | |
|---|---|
| **From:** | Jeff Terry <pjterry@cmprlaw.com> |
| **Sent:** | Monday, April 14, 2025 10:08 PM |
| **To:** | Filippini, Sean |
| **Cc:** | Kim Corcoran; Kolkey, Christopher; Mari Coppinger; 'mcfallon@fallonlaw.net'; Praetzellis, Jack C. |
| **Subject:** | [EXT] RE: Atlas v. Anvil--Return of KBA Equipment |

This message was sent securely using Zix®

Thank you Sean:

As mentioned in our brief call last Friday, our client does not have the employees available to retrieve equipment/vehicles that your clients have transported to distant locations. It is our position that your clients should make arrangements to physically return all equipment/vehicles in their possession that belong to Kingsborough Atlas Tree Surgery, Inc., to the same Santa Rosa location they delivered equipment/vehicles last week which they had stored in Windsor.

In the meantime, while we attempt to meet and confer, if your clients could please confirm the physical address of all equipment referenced in the list you provided on April 4, 2025, we would appreciate it.

Lastly, as we also discussed, please let me know whether your client "Anvil Power, Inc. dba Atlas Tree Surgery" will agree to stay any further action related to a foreclosure it initiated in Nevada County pursuant to a deed of trust given to your client in connection with an alleged LOC agreement between your client and Kingsborough Atlas Tree Surgery, Inc., pending a final resolution/adjudication of the claims between our respective clients.

Regards,

Jeff



**Philip J. Terry**
*Partner*

**Carle Mackie Power Ross LLP**
100 B Street, Suite 400, Santa Rosa, CA 95401
Tel: 707-526-4200 ext. 139 • Fax: 707-526-4707
pjterry@cmprlaw.com  •  *www.cmprlaw.com*

*The information contained in this email message may be privileged, confidential, and protected from disclosure. If you are not the intended recipient, any dissemination, distribution, or copying of this information is strictly prohibited.*
*If you think that you have received this email message in error, please call or email the sender immediately.*

---

**From:** Filippini, Sean <sfilippini@DowneyBrand.com>
**Sent:** Monday, April 14, 2025 4:17 PM
**To:** Jeff Terry <pjterry@cmprlaw.com>
**Cc:** Kim Corcoran <kcorcoran@cmprlaw.com>; Kolkey, Christopher <ckolkey@downeybrand.com>; Mari Coppinger

<mcoppinger@cmprlaw.com>; 'mcfallon@fallonlaw.net' <mcfallon@fallonlaw.net>; 'Praetzellis, Jack C.' <jpraetzellis@foxrothschild.com>
**Subject:** RE: Atlas v. Anvil--Return of KBA Equipment

Hi Jeff-

Following up again.

We are still waiting for KBA to provide engagement and direction regarding the remaining KBA equipment that Anvil previously proposed be picked up on April 7.

Please let us know.

Thanks,


Sean J. Filippini

**DOWNEY**BRAND

Downey Brand LLP
621 Capitol Mall, 18th Floor
Sacramento, CA 95814
916.444.1000 Main
916.520.5430 Direct
916.520.5830 Fax
sfilippini@downeybrand.com
www.downeybrand.com

---

**From:** Filippini, Sean
**Sent:** Friday, April 11, 2025 4:38 PM
**To:** 'Jeff Terry' <pjterry@cmprlaw.com>
**Cc:** 'Kim Corcoran' <kcorcoran@cmprlaw.com>; Kolkey, Christopher <ckolkey@DowneyBrand.com>; 'Mari Coppinger' <mcoppinger@cmprlaw.com>; 'mcfallon@fallonlaw.net' <mcfallon@fallonlaw.net>; 'Praetzellis, Jack C.' <jpraetzellis@foxrothschild.com>
**Subject:** RE: Atlas v. Anvil--Return of KBA Equipment

Jeff-

As I understand it, Anvil has delivered all of the KBA equipment, which was previously located at Anvil's Windsor Yard, to KBA.

However, we still have no engagement or direction from KBA regarding when it will pick up the remainder of the KBA equipment—which is located at other Anvil facilities. This is despite that we notified you on March 31 that the equipment was being turned over and was ready for KBA to pick it up on April 7.

Please let us know when the remaining KBA equipment will be picked up.

Thanks,


Sean J. Filippini

DOWNEYBRAND

Downey Brand LLP
621 Capitol Mall, 18th Floor
Sacramento, CA 95814
916.444.1000 Main
916.520.5430 Direct
916.520.5830 Fax
sfilippini@downeybrand.com
www.downeybrand.com

**From:** Filippini, Sean
**Sent:** Monday, April 7, 2025 12:27 PM
**To:** 'Jeff Terry' <pjterry@cmprlaw.com>
**Cc:** Kim Corcoran <kcorcoran@cmprlaw.com>; Kolkey, Christopher <ckolkey@DowneyBrand.com>; Mari Coppinger <mcoppinger@cmprlaw.com>; 'mcfallon@fallonlaw.net' <mcfallon@fallonlaw.net>; 'Praetzellis, Jack C.' <jpraetzellis@foxrothschild.com>
**Subject:** RE: Atlas v. Anvil--Return of KBA Equipment

Jeff-

This email confirms that Anvil will begin delivering the KBA equipment, which is presently located at Anvil's Windsor Yard (as identified on the updated spreadsheet I provided on Friday), tomorrow, Wednesday, and potentially Thursday. Anvil will do its best to get all of the KBA equipment (located in Anvil's Windsor Yard) delivered by Thursday. But if that is not possible, we will follow up regarding additional dates.

The other aspect of the return of KBA's equipment is our proposal that KBA pick up all of the other KBA equipment which is presently located at other Anvil facilities (that are identified on the spreadsheet that I previously provided). A week ago, we proposed that KBA pick up all of that other equipment today. But we have yet to hear anything as to whether, let alone when, KBA will come pick up that other equipment.

Please let us know about the other equipment without further delay.

Thanks,

Sean

**From:** Jeff Terry <pjterry@cmprlaw.com>
**Sent:** Monday, April 7, 2025 10:33 AM
**To:** Filippini, Sean <sfilippini@DowneyBrand.com>
**Cc:** Kim Corcoran <kcorcoran@cmprlaw.com>; Kolkey, Christopher <ckolkey@downeybrand.com>; Mari Coppinger <mcoppinger@cmprlaw.com>; 'mcfallon@fallonlaw.net' <mcfallon@fallonlaw.net>; 'Praetzellis, Jack C.' <jpraetzellis@foxrothschild.com>
**Subject:** RE: Atlas v. Anvil--Return of KBA Equipment

This message was sent securely using Zix®

Sean:

Per our conversation last Thursday, this will confirm that our client is prepared to receive equipment/vehicles at its Hwy 12 yard located at 6263 Sebastopol Ave, Santa Rosa starting tomorrow, Tuesday, April 8, 2025, at 8:00 am.

Our client is planning on having staffing available to receive equipment and perform some basic in-take until 12:00 pm each day through Thursday, April 10, 2025. If that is not sufficient time for Anvil to return equipment, let's discuss – as our client will need to make additional staffing arrangements.

Please make sure each piece of equipment and or vehicle has keys, current registration documents and any remote control required to operate the equipment.

Thanks,

Jeff



**Philip J. Terry**
*Partner*

**Carle Mackie Power Ross LLP**
100 B Street, Suite 400, Santa Rosa, CA 95401
Tel: 707-526-4200 ext. 139 • Fax: 707-526-4707
pjterry@cmprlaw.com • *www.cmprlaw.com*

*The information contained in this email message may be privileged, confidential, and protected from disclosure. If you are not the intended recipient, any dissemination, distribution, or copying of this information is strictly prohibited.*
*If you think that you have received this email message in error, please call or email the sender immediately.*

---

**From:** Filippini, Sean <sfilippini@DowneyBrand.com>
**Sent:** Friday, April 04, 2025 5:04 PM
**To:** Jeff Terry <pjterry@cmprlaw.com>
**Cc:** Kim Corcoran <kcorcoran@cmprlaw.com>; Kolkey, Christopher <ckolkey@downeybrand.com>; Mari Coppinger <mcoppinger@cmprlaw.com>; 'mcfallon@fallonlaw.net' <mcfallon@fallonlaw.net>; 'Praetzellis, Jack C.' <jpraetzellis@foxrothschild.com>
**Subject:** RE: Atlas v. Anvil--Return of KBA Equipment

Jeff and Team-

I have attached a slightly updated list of equipment which has some slight modifications to the equipment list I sent on April 2.

To date, we still have no response to any of my emails proposing the process and timeline for the return of the KBA equipment. Jeff and I spoke last night and Jeff expressed that KBA was not going to be ready to retrieve the equipment on the timeframes we have proposed and that he would need to get back to me as to when it would be ready to receive the equipment that Anvil has proposed to deliver or when KBA would be ready to pick up the equipment that Anvil has proposed be picked up. I have not heard back since.

Anvil's patience has reached in waiting for a response has reached an end. As noted in my below email, a week and a half ago KBA represented to the Court that the equipment needed to be turned over immediately because it was in danger. Yet now that Anvil has voluntarily offered to return it, KBA will not agree to the return. Gamesmanship appears to be the most likely explanation.

Accordingly, please be advised that Anvil intends to begin returning the KBA equipment (located in Anvil's Windsor Yard) to KBA's Santa Rosa (highway 12) facility on Monday, April 7. If the gates on the facility are locked, Anvil will leave the equipment in the lot outside of the facility and/or on the side of the street outside of the facility.

Thanks,

Sean J. Filippini

**DOWNEY**BRAND

Downey Brand LLP
621 Capitol Mall, 18th Floor
Sacramento, CA 95814
916.444.1000 Main
916.520.5430 Direct
916.520.5830 Fax
sfilippini@downeybrand.com
www.downeybrand.com

---

**From:** Filippini, Sean
**Sent:** Thursday, April 3, 2025 3:22 PM
**To:** 'Jeff Terry' <pjterry@cmprlaw.com>
**Cc:** 'Kim Corcoran' <kcorcoran@cmprlaw.com>; Kolkey, Christopher <ckolkey@DowneyBrand.com>; 'Mari Coppinger' <mcoppinger@cmprlaw.com>; 'mcfallon@fallonlaw.net' <mcfallon@fallonlaw.net>; 'Praetzellis, Jack C.' <jpraetzellis@foxrothschild.com>
**Subject:** RE: Atlas v. Anvil--Return of KBA Equipment

Jeff and Team-

Aside from a call yesterday morning with Jeff—where Jeff indicated that Anvil's proposal for the return of KBA's equipment was likely workable—I have yet to hear anything in response to any of my emails regarding the return of the equipment, the first of which was on Monday.

In its motion for turnover order, KBA sought the "immediate" return of the equipment, expressing a belief that the equipment was not being maintained and was being negligently utilized. That being the case, our expectation was that KBA's engagement with us on these issues would be immediate and pro-active. That has not been the case.

Please let us know if we can proceed as outlined below.

Anvil would like to begin delivering the KBA equipment from its Windsor yard immediately.

Additionally, Anvil needs to know immediately whether KBA will be picking up the remaining equipment on April 7, as proposed below.

Please let me know at your earliest convenience.

Thanks,

Sean

---

**From:** Filippini, Sean
**Sent:** Wednesday, April 2, 2025 10:55 AM

5

**To:** 'Jeff Terry' <pjterry@cmprlaw.com>
**Cc:** 'Kim Corcoran' <kcorcoran@cmprlaw.com>; Kolkey, Christopher <ckolkey@DowneyBrand.com>; 'Mari Coppinger' <mcoppinger@cmprlaw.com>; 'mcfallon@fallonlaw.net' <mcfallon@fallonlaw.net>; 'Praetzellis, Jack C.' <jpraetzellis@foxrothschild.com>
**Subject:** RE: Atlas v. Anvil--Return of KBA Equipment

Jeff and Team-

I have attached a list of equipment for your review and comment. Please note the following about the attached list:

1. The list mirrors the list the was attached to Rich Kingsborough's declaration in support of the Motion for Possession.

2. A number of items of equipment on the list in Mr. Kingsborough's declaration were not correct. Richard's list identified a number of items of equipment that were never in Anvil's possession. It also listed items of equipment that were purchased by Anvil And it also listed a number of items of equipment that were owned by third parties (such as First Financial).

3. The attached list is largely self-explanatory. The ownership column identifies the entity that Anvil understands to be the owner of the equipment (column K). NOTE: the items highlighted in yellow are actually owned by Anvil (not KBA). The location column identifies the present location of the equipment (column L). In instances where the location column is blank, Anvil most likely does not have those respective items of equipment. That said, Anvil is in the midst of a final review of equipment and will update the list in the event that any of the items (with blank location cells on the list) are located.

4. With respect to the return of the equipment, Anvil intends to deliver all of the equipment that is located at the "Windsor Yard" to KBA at KBA's facility in Santa Rosa (6263 Sebastopol Rd., Santa Rosa, CA). Anvil would like KBA to have its facility open from 6:00am-6:00pm starting tomorrow morning and continuing through Monday, April 7 (including Saturday and Sunday). Please confirm that the facility will be open, at those times, for the return deliveries.

5. With respect to the return of the remainder of the equipment, located at Anvil facilities other than Anvil's Windsor Yard, Anvil will make all such other KBA equipment available to be picked up on Monday, April 7, 2025. Please confirm that KBA will pick up all such equipment on that date.

6. Anvil will revise and re-circulate the list in the event that further information is discovered.

Lastly, as noted in my email from yesterday, please let us know how KBA proposed to proceed regarding equipment that we understand is owned by third parties, particularly First Financial. This is especially so given the recent motion for relief from the stay that was just granted in favor of First Financial.

Please let us know if KBA is agreeable at your earliest convenience so that we can begin planning and so Anvil can begin delivering the equipment presently located in its Windsor Yard.

Thanks,

Sean J. Filippini

**DOWNEYBRAND**

Downey Brand LLP
621 Capitol Mall, 18th Floor

Sacramento, CA 95814
916.444.1000 Main
916.520.5430 Direct
916.520.5830 Fax
sfilippini@downeybrand.com
www.downeybrand.com

---

**From:** Filippini, Sean
**Sent:** Tuesday, April 1, 2025 3:39 PM
**To:** 'Jeff Terry' <pjterry@cmprlaw.com>
**Cc:** 'Kim Corcoran' <kcorcoran@cmprlaw.com>; Kolkey, Christopher <ckolkey@DowneyBrand.com>; 'Mari Coppinger' <mcoppinger@cmprlaw.com>; 'mcfallon@fallonlaw.net' <mcfallon@fallonlaw.net>; 'Praetzellis, Jack C.' <jpraetzellis@foxrothschild.com>
**Subject:** RE: Atlas v. Anvil--Return of KBA Equipment

Jeff and Team-

Following up regarding the below email.

Anvil is continuing to work on the equipment lists identified below.  In the meantime, and before tomorrow's hearing with Judge Lafferty, we were hoping to get your thoughts about the timeline and process we are proposing for the return of the KBA equipment.  Additionally, we would like to get your perspective regarding the most efficient way to deal with KBA creditors that have (and will) obtain relief from the stay as it pertains to their respective interests in KBA equipment.

Please let us know.

If a call is easier, I have good availability for the balance of today as well as some limited availability tomorrow morning before the hearing.

Thanks,


Sean J. Filippini

**DOWNEY**BRAND

Downey Brand LLP
621 Capitol Mall, 18th Floor
Sacramento, CA 95814
916.444.1000 Main
916.520.5430 Direct
916.520.5830 Fax
sfilippini@downeybrand.com
www.downeybrand.com

---

**From:** Filippini, Sean
**Sent:** Monday, March 31, 2025 5:22 PM
**To:** 'Jeff Terry' <pjterry@cmprlaw.com>
**Cc:** Kim Corcoran <kcorcoran@cmprlaw.com>; Kolkey, Christopher <ckolkey@DowneyBrand.com>; Mari Coppinger

<mcoppinger@cmprlaw.com>; mcfallon@fallonlaw.net; 'Praetzellis, Jack C.' <jpraetzellis@foxrothschild.com>
**Subject:** Atlas v. Anvil--Return of KBA Equipment

Jeff-

This email is to coordinate the return of equipment in Anvil's possession, which remains titled in KBA's name, to KBA.

As you know from our prior correspondence, Anvil presently has the legal right to possession of the KBA equipment. The June 5, 2023 Security Agreement that KBA executed in favor of Anvil plainly entitles Anvil to possession of the equipment. More specifically, paragraph 2.5 of the Security Agreement provides that in the event of a KBA default, Anvil "shall have the immediate right to possession of the Collateral [which includes all of the equipment]." And as you also know, Anvil sent letters to KBA on February 5, 2025, declaring KBA in default and outlining all of the reasons for the default. To date, we are not aware of any assertion ever advanced by KBA to refute these facts.

Despite that Anvil clearly has the right to possession of the KBA equipment indefinitely, and despite that KBA has never refuted any of the facts that have triggered Anvil's right to possession, Anvil is nonetheless going to return all of the KBA equipment that is presently in its possession. Anvil is doing so as a show of good faith in order to eliminate issues and narrow the dispute between KBA and Anvil. Anvil is also doing so to avoid the costs associated with further litigating the issue in Bankruptcy Court.

The KBA equipment is presently located at various Anvil facilities. Within the next couple business days, I will provide a document which identifies the specific items of KBA equipment together with the address where each item of equipment is located. Please note that Anvil intends to deliver the KBA equipment, which is presently located at Anvil's Santa Rosa and Windsor facilities, directly to KBA at KBA's Highway 12 yard in Santa Rosa. Anvil intends to begin delivering that equipment this week.

As for the other KBA equipment, Anvil will make that equipment available to be picked up by KBA at the respective Anvil facility where it is presently located (which will be identified on the comprehensive equipment list that Anvil will provide in the coming days). Anvil will make that equipment available for pickup on **Monday, April 7, 2025**. As we noted in our opposition to KBA's motion in the Bankruptcy Court, KBA's equipment list (in its Bankruptcy motion) incorrectly identified items of equipment that are not in Anvil's possession. The equipment list that we will be providing represents the comprehensive list of 100% of the KBA equipment in Anvil's possession.

Lastly, as also noted in our opposition to KBA's motion in the Bankruptcy Court, the KBA equipment has been regularly maintained and most of it is in better condition today than it was when Anvil originally took possession. However, there are a handful of instances where items of KBA equipment was in such a state of disrepair that it did not make business sense for Anvil to repair the respective item of equipment. The list we provide will annotate all such items.

We ask that you please confirm: 1) that KBA will accept delivery of some of the equipment at its Highway 12 facility beginning this week; and 2) that the remaining KBA equipment will be picked up by KBA on April 7.

Thanks,


Sean J. Filippini

**DOWNEY**BRAND

Downey Brand LLP
621 Capitol Mall, 18th Floor
Sacramento, CA 95814
916.444.1000 Main
916.520.5430 Direct
916.520.5830 Fax

8

sfilippini@downeybrand.com
www.downeybrand.com

CONFIDENTIALITY NOTICE: This communication from Downey Brand and any accompanying document(s) are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise. If you have received this communication in error, please contact our IT Department at its Internet address (IT@downeybrand.com), or by telephone at (916)444-1000x5325. Thank you.

This message was secured by **Zix**®.

This message was secured by **Zix**®.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 900, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled: STATUS CONFERENCE STATEMENT will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 4/15/25, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Jamie P. Dreher    jdreher@downeybrand.com
- Michael C. Fallon    fallonmc@fallonlaw.net, manders@fallonlaw.net
- Michael C. Fallon    mcfallon@fallonlaw.net, manders@fallonlaw.net
- Philip J. Terry    pjterry@cmprlaw.com, dhayes@cmprlaw.com

**2. SERVED BY UNITED STATES MAIL**: On N/A I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on N/A, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 15, 2025 | Kimberly Hoang | /s/ Kimberly Hoang |
|---|---|---|
| Date | Printed Name | Signature |

Active\118534396.v2-1/12/21