Michael C. Fallon, SBN 088313
Michael C. Fallon, Jr., SBN 303082
100 E Street, Suite 219
Santa Rosa, California 95404
Telephone: (707) 546-6770
Facsimile: (707) 546-5775
mcfallon@fallonlaw.net
fallonmc@fallonlaw.net

Philip J. Terry (SBN 148144)
Kimberly Corcoran (SBN 148229)
CARLE, MACKIE, POWER & ROSS LLP
100 B Street, Suite 400
Santa Rosa, California 95401
Telephone: (707) 526-4200
Facsimile: (707) 526-4707
pjterry@cmprlaw.com
kcorcoran@cmprlaw.com

Attorneys for Debtor/Plaintiff
KINGSBOROUGH ATLAS TREE SURGERY, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br>Kingsborough Atlas Tree Surgery, Inc.<br>      Debtor. | Case No. 25-10088 WJL<br><br>Chapter 11 |
| Kingsborough Atlas Tree Surgery, Inc.<br>      Plaintiff,<br>vs.<br>Anvil Power, Inc., a California corporation, Anvil Equipment Company LP, a California limited partnership, Anvil Builders, a California corporation, Anvil Holdings, Inc., a California corporation, Anvil Group, LLC, a California limited liability company, Alan Guy, an individual,<br>      Defendants. | AP No. 25-01005<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND IMMEDIATE TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542** |

1
SUPPLEMENTAL BRIEF RE MOTION FOR TRO, PRELIMINARY INJUNCTION, AND IMMEDIATE
TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542
Case No. 25-100088 WJL/A.P. No. 25-01005

Case: 25-01005    Doc# 15    Filed: 05/20/25    Entered: 05/20/25 17:48:30    Page 1 of 5

On or about March 20, 2025, Plaintiff, Kingsborough Atlas Tree Surgery, Inc. ("KBA," "Plaintiff," or "Debtor"), the debtor in possession in this Chapter 11 bankruptcy, filed its Motion for Temporary Restraining Order, Preliminary Injunction, and Immediate Turnover of Property of the Estate Pursuant to 11 U.S.C. §542 ("Motion for Turnover Order").

This Motion was made pursuant to 11 U.S.C. §542 and Rule 65 of the Federal Rules of Civil Procedure, as made applicable by Federal Rules of Bankruptcy Procedure 7065, for a temporary restraining order ("TRO") and order preliminarily enjoining the Defendants, Anvil Power, Inc., Anvil Equipment Company LP, Anvil Builders, Anvil Holdings, Inc., Anvil Group, LLC, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them (collectively "Anvil" or "Defendants") from:

1. Transferring, changing, disbursing, dissipating, converting, conveying, pledging, assigning, encumbering, foreclosing, using, wasting, or otherwise disposing of any interest in any of Debtor's equipment identified in the schedule attached to the Declaration of Richard Kingsborough in support of Plaintiff's Motion (See <u>Exhibit A</u> to Declaration of Richard Kingsborough). Such equipment is hereinafter referred to as the "KBA Equipment"); and

2. ***Requiring Defendants to immediately turn over to Debtor possession of each piece of KBA Equipment belonging to Debtor and in Defendants' possession***.

Defendants had possession of the KBA Equipment as a result of an Asset Purchase Agreement, dated June 5, 2023, (the "Agreement"), under which Defendants promised to pay KBA up to $30 million for the KBA Equipment.

Defendants did not purchase the KBA Equipment but nonetheless took possession of the KBA Equipment and used it from the summer of 2023 without paying for it. Accordingly, KBA filed an adversary complaint and this Motion for Turnover Order and immediate possession of the KBA Equipment under 11 U.S.C. §542(a). The grounds and arguments in support of KBA's Motion for Turnover Order are set out in detail in the underlying motion filed on or about March 20, 2025, and will not be repeated here except that Plaintiff will emphasize and underscore that as a debtor-in-possession, KBA can use, sell or lease the KBA Equipment, which is not of

2
SUPPLEMENTAL BRIEF RE MOTION FOR TRO, PRELIMINARY INJUNCTION, AND IMMEDIATE TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542
Case No. 25-100088 WJL/A.P. No. 25-01005

Case: 25-01005   Doc# 15   Filed: 05/20/25   Entered: 05/20/25 17:48:30   Page 2 of 5

inconsequential value for the benefit to KBA's bankruptcy estate, under 11 U.S.C. § 363, and that for the reasons stated in its moving papers, KBA is therefore entitled to a turnover order.

Defendants filed an opposition to the Motion for Turnover Order. However, very soon thereafter, Defendants relented and coordinated the return of KBA's equipment and vehicles in April 2025. A list of the equipment and vehicles in Anvil's possession prepared by Defendants is attached to the Declaration of Philip J. Terry ("Terry Decl.") filed herewith as **Exhibit A**. It is based on an equipment list previously prepared by KBA. It shows numerous items of equipment and their general location (without specific addresses). Anvil advised that it would return all equipment maintained in its Windsor yard to KBA's facility in Santa Rosa. In early April, Anvil did return equipment and vehicles to KBA from Anvil's Windsor facility. The equipment and the vehicles located in more remote locations were not returned to KBA. Anvil insisted that KBA should make arrangements to travel to the various locations in the state and retrieve its equipment and vehicles.

KBA has demanded that such equipment and vehicles in Anvil's possession must be returned by Anvil as the latter took possession under the Agreement and moved such equipment to other locations in the state for its benefit. Attached as **Exhibit B** to Terry Declaration is the most recent emails between counsel communicating Plaintiff's position that all equipment should be delivered by Anvil. Anvil's assertion that KBA must somehow incur the expense of hiring and travel to remote locations to retrieve its equipment and vehicles is unreasonable and the reason this matter is yet unresolved warranting additional briefing. Attached as **Exhibit C** to the Terry Declaration is a true and correct copy of a list prepared by KBA of all equipment that Anvil has refused and or failed to return to KBA.

## 2. <u>DISCUSSION</u>

As noted, the grounds and arguments in support of KBA's Motion for Turnover Order are set out in detail in the underlying motion filed on or about March 25, 2025. The focus of this supplemental brief is directed at the question of whether or not the party in possession of equipment subject to a Turnover Order should return and *deliver* the equipment and property as

3

SUPPLEMENTAL BRIEF RE MOTION FOR TRO, PRELIMINARY INJUNCTION, AND IMMEDIATE
TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542
Case No. 25-100088 WJL/A.P. No. 25-01005

Case: 25-01005   Doc# 15   Filed: 05/20/25   Entered: 05/20/25 17:48:30   Page 3 of 5

suggested by Plaintiff or whether Plaintiff must, in connection with a Turnover Order, make arrangements to travel to and pick up the equipment and vehicles in question.

The law is clear in connection with a Turnover Order that should the Court grant Plaintiff's Motion for Turnover Order, Anvil must return and deliver the equipment in question. An entity "in possession, custody or control, during the case, of property that the trustee may use, sell, or lease under section 363, …***shall deliver*** to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." (emphasis added). 11 U.S.C § 1107(a).

A debtor under Chapter 11 of the Bankruptcy Code is a debtor in possession and has all the rights and powers of a trustee under the Bankruptcy Code, 11 USC Section 1101(1), 1107(a). See generally, *See In re King Mountain Tobacco Co*. 623 B.R. 323, 327 (Bkr. E.D. Wash 2020). [In a **chapter 11** case … the **debtor** in **possession** generally has the **rights**, **powers**, and duties of a **trustee**, including regarding administration of the estate and preserving estate property as a fiduciary for creditors.

Therefore, Anvil, as an entity "in possession, custody or control, during the case, of property" that a trustee "may use, sell, or lease under section 363 of this title … ***shall deliver***" to a trustee and in this case to the debtor in possession, KBA. 11 U.S.C § 1107(a).

There is no justification or authority under the applicable law that permits Anvil to refuse to deliver KBA its equipment in this case.

Dated: May 20, 2025  CARLE, MACKIE, POWER & ROSS LLP


By: /s/ Philip J. Terry
    Philip J. Terry
    Kimberly Corcoran

And

Michael C. Fallon
Michael C. Fallon, Jr.
*Attorneys for Plaintiff*

4

SUPPLEMENTAL BRIEF RE MOTION FOR TRO, PRELIMINARY INJUNCTION, AND IMMEDIATE TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542
Case No. 25-100088 WJL/A.P. No. 25-01005

# CERTIFICATE OF SERVICE

I am a citizen of the United States. My business address is 100 B Street, Suite 400, Santa Rosa, CA 95401. I am employed in the County of Sonoma where this service occurs. I am over the age of 18 years and not a party to the within cause.

On the date set forth below, following ordinary business practice, I served a ***true copy*** of the following document(s):

**PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND IMMEDIATE TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542**

addressed as follows :

| | |
|---|---|
| Sean J. Filippini<br>DOWNEY BRAND LLP<br>621 Capitol Mall, 18th Floor<br>Sacramento, CA 95814<br>Telephone: (916) 444.1000<br>Facsimile: (916) 444.2100<br>Email:<br>sfilippini@downeybrand.com<br>srussell@DowneyBrand.com | Attorneys for Defendants<br><br>ANVIL POWER, INC., ANVIL EQUIPMENT COMPANY LP, ANVIL BUILDERS, ANVIL HOLDINGS, INC., ANVIL GROUP, LLC, ALAN GUY |

☒ (BY ELECTRONIC SERVICE VIA THE COURT'S ELECTRONIC CASE FILING ("ECF") SYSTEM) I transmitted a true and correct copy of the document(s) listed above to ECF to be sent to all parties listed on the Proof of Service. This service complies with Fed. R. Civ. P. 5(d)(3). A copy of the Filing Receipt page will be maintained with the original document(s) in our office.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: May 20, 2025

/s/ Dawn Marshall
Dawn Marshall